IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL KERSEY,

        Plaintiff,                          No. CIV S-09-975 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                   <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter for further proceedings.

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated June 24, 2008, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of diabetes mellitus, hypertension, mild osteoarthritis of the lumbar spine, glaucoma in the left eye, and obesity but these impairments do not meet or medically equal a listed impairment; plaintiff can perform sedentary work; plaintiff is generally credible but is not credible with respect to his claims regarding limitations in sitting and the need to elevate his legs or take naps; and based on Medical-Vocational Rule 201.21, plaintiff is not disabled. Administrative Transcript ("AT") 10-

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

1   17. Plaintiff contends the ALJ committed error in mechanically applying the Medical-Vocational
2   Guidelines.[2]

3   II. Standard of Review

4   The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

/////

---

[2] Plaintiff also contends the ALJ improperly discredited plaintiff and failed to consider the plaintiff's deteriorating medical condition in assessing plaintiff's residual functional capacity. These contentions are meritless. The ALJ set forth clear and convincing reasons for discrediting plaintiff's testimony. AT 15, 48, 52, 233, 306, 308, 310, 312. The ALJ properly based the assessed residual functional capacity on the assessments of the consultative physician and state agency physicians, with due consideration of plaintiff's medical condition. AT 13-15, 233-237, 242-247, 248-255, 304, 312, 313.

improper legal standard was applied in weighing the evidence, see <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  <u>Analysis</u>

Plaintiff contends the ALJ committed error in that he failed to consider whether plaintiff should be considered to be a person closely approaching advanced age under the grids. The Medical-Vocational Guidelines ("the grids") are in table form.  Appendix 2 to Subpart P of Part 404--Medical-Vocational Guidelines.  The tables present various combinations of factors the ALJ must consider in determining whether other work is available.  <u>See</u> generally <u>Desrosiers</u>, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

The ALJ found plaintiff was not disabled under Rule 201.21 (younger individual, limited to sedentary work, high school education, skills not transferable).  At the time of the decision, plaintiff was three months and eleven days shy of his fiftieth birthday.[3]  AT 16, 17. Under the grids, a person aged 50 is considered to be closely approaching advanced age.  20 C.F.R. § 404.1563.  Under Rule 201.14, plaintiff would be considered disabled if he were in the higher age category and had no transferable skills.  <u>See</u> AT 11, 16 (plaintiff limited to sedentary work, high school education, skills not transferable); <u>cf.</u> Rule 201.15 (plaintiff not disabled if skills are transferable).[4]

The regulations governing application of the grids provide that where a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider

---

[3] Plaintiff's birthday is October 5, 1958.  The date of the decision is June 24, 2008.

[4] In this case, because the ALJ applied the grid rules applicable to a younger individual (ages 45-49), he did not make a finding on transferability of skills, because plaintiff would be considered not disabled under either of the applicable rules (Rules 201.21 and 201.22).  AT 16 (finding no. 9).

4

whether to use the older age category after evaluating the overall impact of all the factors of your case." 20 C.F.R. § 404.1563(b).  ALJs are supposed to apply a two-part test in identifying borderline age situations: (1) determine whether plaintiff is within a few days or a few months of a higher age category, and (2) if so, determine whether using the higher age category would result in a decision of "disabled."  HALLEX II-5-3-2.  If a borderline situation is found, a "sliding scale" approach is then used, where additional vocational adversity must be shown as the time period between the plaintiff's actual age and the attainment of the next higher category lengthens.  Id.

Plaintiff was within a few months of reaching the older age category, and if plaintiff is found to have no transferable skills, he would be disabled under the grids.  There is, however, no evidence in the record that the ALJ considered plaintiff's borderline status despite the presence of possible additional vocational adversity.  See e.g., Gonzalez v. HHS, 784 F.2d 1417, 1420 (9th Cir. 1986) (in borderline cases, secretary should decrease reliance on grids to demonstrate ability to perform substantial work); cf. Bowie v. Commissioner of Social Security, 539 F.3d 395, 400-02 (6th Cir. 2008) (although no per se requirement for ALJ to discuss borderline status, where additional vocational adversity is evident in record, lack of explanation may in some cases mean ultimate decision is not supported by substantial evidence).  Such vocational adversity may be found because of plaintiff's morbid obesity[5] and associated health problems, including diabetes mellitus, hypertension, and mild osteoarthritis of the lumbar spine.[6] AT 10, 234 (at consultative exam in August 2006, plaintiff presented with weight of 430 pounds

---

[5] Although obesity was eliminated from the Listing of Impairments (Listing 9.09) because the Social Security Administration determined that the criteria in the Obesity Listing did "not represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity," Social Security Ruling (SSR) 02-01p directs that obesity is a factor that may be considered at any step in the sequential evaluation.

[6] Additional vocational adversity is found where some adjudicative factor is relatively more adverse when considered in terms of that factor's stated criteria, or when there is an additional element with adverse vocational implications, such as an additional impairment that infringes upon, without substantially narrowing the occupational base.  HALLEX II-5-3-2.

1  on 76 inch frame).  In addition, plaintiff's obesity makes it difficult for him to sit in armed chairs,
2  although he is able to sit on stools, a factor that may contribute to vocational adversity given the
3  ALJ's finding that plaintiff could perform only sedentary jobs.  <u>See</u> AT 234.  In the
4  circumstances of this case, the court finds it was incumbent upon the ALJ to consider whether
5  grid rule 201.14 should be applied to plaintiff, at least for some portion of the time for which he
6  is claiming disability.  Because there is no evidence the ALJ ever undertook this analysis, the
7  matter will be remanded for consideration of plaintiff's borderline age status.

8       For the foregoing reasons, this matter will be remanded under sentence four of 42
9  U.S.C. § 405(g) for consideration of plaintiff's borderline age status.

10       Accordingly, IT IS HEREBY ORDERED that:

11       1. Plaintiff's motion for summary judgment is denied;

12       2. The Commissioner's cross-motion for summary judgment is denied; and

13       3. This matter is remanded for further proceedings consistent with this order.

14  DATED: March 28, 2010.

_____
U.S. MAGISTRATE JUDGE

kersey.ss