IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL KERSEY,

        Plaintiff,                  No. CIV S-09-975 KJM

   vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.         ORDER

/

        Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $5,033.40 representing 24.7 hours of attorney time, 6.5 hours of paralegal time and $60.00 in costs. Defendant contends plaintiff is not entitled to attorney's fees under EAJA. In the event fees are awarded, defendant contends that plaintiff cannot be compensated for hours spent on issues not reached by the court in deciding the motion for summary judgment. In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.

        The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorney's fees and expenses within thirty days of final

judgment in the action.[1] An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four for immediate payment of benefits pursuant to the order of the court on cross-motions for summary judgment. See Order filed March 29, 2010. Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.

---

[1] The Clerk of Court did not enter final judgment in this action. See Docket No. 19.

2

1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

        Defendant contends the government's position was substantially justified. Plaintiff raised three issues in the motion for summary judgment.  As to two of those issues, plaintiff's credibility and the assessment of plaintiff's residual functional capacity, the court found plaintiff's contentions meritless.  See Order filed March 29, 2010 (Docket No. 19) at 3:23-26.  Thus, there was substantial justification for the Commissioner's position on these issues. With respect to the issue of plaintiff's borderline age status, the court denied plaintiff's motion for summary judgment and remanded solely because there was no evidence in the record that the ALJ had performed the duty of considering the borderline age issue in light of the additional vocational adversity evident in the record.  Although this court concluded there must be at least an indication that borderline status was considered in light of the entire record, the court finds substantial justification for the Commissioner's position in that plaintiff was at the outer edge of what might be considered a "few" months under the regulations and the case law is not clear as to what indicia suffice to evidence fulfillment of the ALJ's duty to "consider" the borderline situation.  See 20 C.F.R. § 404.1563(b); see also Lockwood v. Commissioner of Social Security, __ F.3d __, 2010 WL 3211697 n.2 (9th Cir. 2010) (court declined to decide whether there must be at least some evidence in ALJ's written decision that ALJ considered borderline age situation because evidence did appear in the ALJ's decision at issue in case).  There was no clear error in the ALJ's decision; rather the case was remanded for lack of reviewability because the court could not determine whether the ALJ's mandatory duties had been fulfilled.[2]  The court thus

---

[2] In remanding this matter, the court relied on Bowie v. Commissioner of Social Security, 539 F.3d 395, 400-02 (6th Cir. 2008) (although no per se requirement for ALJ to discuss borderline status, where additional vocational adversity is evident in record, lack of explanation may in some cases mean ultimate decision is not supported by substantial evidence).  Although this court found that in the specific circumstances of this case, given plaintiff's additional

finds that the Commissioner's position was substantially justified, both in the underlying administrative determination and in the ensuing litigation, and will therefore deny plaintiff's application for EAJA fees.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an award of attorney's fees under the EAJA is denied.

DATED: September 13, 2010.

_____
U.S. MAGISTRATE JUDGE

006
kersey.fee

---

vocational adversity, the ALJ was required to at a minimum indicate that the borderline age situation had been considered, the court finds substantial justification for the Commissioner's position, in light of the lack of controlling authority. See, e.g., Lockwood, supra.